## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

John Steven Martin,

                Petitioner,

v.

Warden Brian Collins,

                Respondent.

Case No. 22-CV-0872 (JRT/JFD)

**REPORT AND
RECOMMENDATION**

This case comes before the Court on John Steven Martin's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. No. 1), Motion for "Amicus Curiae" and to Amend Submission of Proof of Enrollment to the Fond du Lac Reservation (Dkt. No. 8), and Motion to Amend Brief (Dkt. No. 14.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

A Minnesota state jury convicted Mr. Martin of first-degree premeditated murder for shooting and killing a 17-year-old boy in violation of Minn. Stat. § 609.185(1) (1998), and for aiding and abetting first-degree murder while committing kidnapping, in violation of Minn. Stat. §§ 609.185(3) and 609.05 (1999). (*See* Resp't's Resp. at 4, Dkt. No. 10); *State v. Martin*, 614 N.W.2d 214, 218 (Minn. 2000) ("*Martin II*").[1] The state district court sentenced Mr. Martin to life imprisonment, which he is currently serving in the Minnesota

---

[1] The Minnesota Supreme Court first heard this case on pretrial appeal in *State v. Martin*, 591 N.W.2d 481 (Minn. 1999) ("*Martin I*").

1

Correctional Facility ("MCF") in Moose Lake, Minnesota. *Martin II*, 614 N.W.2d at 221. Mr. Martin argues that the recent decision by the Supreme Court of the United States in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), created a new constitutional right that bars states from prosecuting tribal citizens for crimes committed on tribal land.[2]

Mr. Martin names Brian Collins, the Warden of MCF-Moose Lake, as Respondent because Warden Collins was the designated person who had state custody of Mr. Martin when he filed this Petition. Respondent Collins argues that the Court should deny Mr. Martin's Petition because the petition is untimely, and the decisions of the state courts are a reasonable application of federal law on the facts before it. (Resp't's Mem. Opp'n at 9-11, Dkt. No. 10.)

## I.    BACKGROUND

### A.    The State Court Proceedings

On the evening of August 28, 1996, Paul Antioch, a 17-year-old boy, was driving home in Duluth, Minnesota when he was involved in a minor fender bender with Mr. Martin's vehicle. (Resp't's Resp. at 4); *Martin II*, 614 N.W.2d at 218. Mr. Martin got out of his car with his friends, and they assaulted Mr. Antioch and kidnapped him, bringing him to the Fond du Lac Indian Reservation. (Resp't's Resp. at 4.) There, Mr. Martin shot Mr. Antioch four times. (*Id.*) Mr. Martin and his friends hid Mr. Antioch's body in the trunk of Mr. Antioch's car, which Mr. Martin drove into a drainage ditch on the reservation

---

[2] In *McGirt*, the Supreme Court decided that the Creek Nation's land, located in present-day Oklahoma, "remain[ed] an Indian reservation for the purposes of federal criminal law." 140 S. Ct. at 2459. Therefore, the State of Oklahoma had no authority to prosecute Native Americans for crimes committed on the reservation.

in an effort to conceal the crime. The next day, Mr. Martin and his friends threw the gun into Lake Superior. *Martin II*, 614 N.W.2d at 219.

Mr. Martin was convicted on May 26, 1999, and sentenced to life imprisonment on June 2, 1999. (Pet. at 1.) Mr. Martin appealed directly to the Minnesota Supreme Court. (*See* Resp't's Mem. Opp'n at 4); *Martin*, 614 N.W.2d at 218. His appeal raised three claims: (1) The prosecution's decision to strike the only non-white juror violated *Batson v. Kentucky*, 476 U.S. 79, 89 (1986); (2) the district court made evidentiary errors; and (3) the district court erred when it denied his motion for an evidentiary hearing regarding juror misconduct. *Martin*, 614 N.W.2d at 221. The Minnesota Supreme Court rejected all three claims on the merits and affirmed Mr. Martin's conviction. At no point on this appeal did Mr. Martin assert that the State of Minnesota lacked jurisdiction to prosecute him. Mr. Martin did not petition the United States Supreme Court for a writ of certiorari.

In July 2005, Mr. Martin brought a postconviction petition for relief in state court. (Resp't's Ex. 16.) This petition also did not allege a lack of jurisdiction (*See id.*) In December 2005, the postconviction court allowed Mr. Martin to withdraw his petition.

Two years later, in July 2007, Mr. Martin filed a second postconviction petition for relief in state court. (Resp't's Ex. 14.) In September 2007, the petition was denied. (Resp't's Ex. 13.) In appealing the denial to the Minnesota Supreme Court, Mr. Martin argued ineffective assistance of counsel, a violation of his right to be present when the jury met with the victim's family after the trial, prosecutorial misconduct, and judicial bias. *See Martin v. State*, 748 N.W.2d 294, 295 (2008) ("*Martin III*")). The Minnesota Supreme Court affirmed the denial of relief, determining that *State v. Knaffla*, 243 N.W.2d 737

3

(Minn. 1976), procedurally barred all of Mr. Martin's claims, as their facts were known at the time of the direct appeal but Mr. Martin did not raise them at that time. *Martin III*, 748 N.W.2d at 296.

In January 2021, Mr. Martin asserted in a third petition for postconviction relief that, under *McGirt*, the State of Minnesota lacked the authority to prosecute him. (Resp't's Exs. 7, 8.) Mr. Martin argued that he is an enrolled member of the Fond du Lac Band of Lake Superior Chippewa and that because the murder occurred on the Tribe's reservation, *McGirt* prevented Minnesota from prosecuting him. He also raised an ineffective assistance of counsel claim for his attorney's failure to pursue a jurisdictional claim, asked to submit new evidence, and alleged prosecutorial misconduct. The postconviction court denied all of the claims, holding that they were time-barred. *See Martin v. State*, 969 N.W.2d 361, 362 (Minn. 2022) ("*Martin IV*").

Affirming the postconviction court, the Minnesota Supreme Court agreed that Mr. Martin's claims regarding new evidence, prosecutorial misconduct, and ineffective assistance of counsel were all time-barred. *Id.* The court rejected Mr. Martin's *McGirt* claims on the merits without addressing whether it was also time-barred. The Minnesota Supreme Court held that Public Law 280, 18 U.S.C. § 1162(a), expressly granted the State of Minnesota jurisdiction to prosecute crimes committed by tribal members on most reservations in the state, including the Fond du Lac Reservation; however, "Congress never granted Oklahoma criminal jurisdiction over Native Americans committing crimes on Native lands." *Martin IV*, 969 N.W.2d at 365. Therefore, unlike Oklahoma, "Minnesota has the power to 'enforce the same criminal laws within tribal boundaries as would be

4

enforced elsewhere in the state.'" *Id.* (citing *State v. Manypenny*, 682 N.W.2d 143, 149 (Minn. 2004)). Consequently, *McGirt* did not apply to Mr. Martin's postconviction petition. *Id.*

### B.    Federal Habeas Corpus Petition

On April 8, 2022 Mr. Martin filed the habeas petition now before the Court. Mr. Martin contends that the State of Minnesota lacked subject matter jurisdiction to prosecute him, citing *McGirt*. Mr. Martin advances the claim that *McGirt* created a new constitutional right for enrolled tribal members that broadly bars state prosecutions. (Pet. at 6.) Respondent opposes the Petition as untimely and on the merits.

## II.    LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs a federal court's review of habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2254. AEDPA states that federal courts shall entertain a habeas corpus petition on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To evaluate such petitions, AEDPA provides, in relevant part, that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

AEDPA also has a one-year statute of limitations for § 2254 petitions and is triggered by one of four events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## III.    DISCUSSION

### A.    Timeliness

Mr. Martin's claims do not fall under any of the four circumstances under which AEDPA permits claims to be brought before being barred by the statute of limitations. The relevant dates here are either the date on which Mr. Martin's judgment became final or the date on which the constitutional right asserted was initially recognized by the Supreme Court. Mr. Martin's judgment became final 90 days after the Minnesota Supreme Court's decision on direct review. *Parmley v. Norris*, 586 F.3d 1066, 1069 (8th Cir. 2009) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)). The Minnesota Supreme Court

6

affirmed Petitioner's conviction on direct review on July 20, 2000, thus making Mr. Martin's judgment final on October 18, 2000. *Martin II*, 614 N.W.2d at 214. He had one year to file a federal habeas petition—until October 18, 2001—but did not do so.

AEDPA's statute of limitations may also be triggered from the date a "constitutional right' is "initially recognized" by the Supreme Court of the United States. 28 U.S.C. § 2244(d)(1)(C). Federal courts considering whether *McGirt* recognized a new constitutional right have concluded it did not. Federal district courts in Oklahoma "have uniformly denied claims that the decision established a new commencement date under § 2244(d)(1)(C)." *Scarborough v. Dowling*, No. 21-CV-277-JFH-KEW, 2022 WL 4125999, at *2 (E.D. Okla. Sept. 9, 2022). That is because the Supreme Court did not recognize a new, retroactive constitutional right. *E.g., Mathews v. Elhabte*, No. 21-CV-1023-R, 2022 WL 363357 (W.D. Okla. Feb. 7, 2022), *Jones v. Pettigrew*, No. 18-CV-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021), *certificate of appealability denied*, No. 21-6106, 2022 WL 176139 (10th Cir. Jan. 20, 2022). At least one district court in the Eighth Circuit has addressed the same question and agreed. *Wolfe v. Payne*, No. 21-CV-5190, 2022 WL 2794311, at *3 (W.D. Ark. May 25, 2022), *R. & R. adopted*, 2022 WL 2793584 (W.D. Ark. July 15, 2022), *appeal filed* (8th Cir. Aug. 16, 2022).

The Tenth Circuit Court of Appeals recently confirmed that "*McGirt* announced no new constitutional right. It self-professedly resolved a question of 'statutory interpretation.'" *Pacheco v. El Habti*, ---F.4th----, No. 20-7002, 2022 WL 4242131, at *8 (10th Cir. Sept. 15, 2022). *McGirt* referred to the "Constitution only to explain Congress's exclusive authority to disestablish Indian reservations." *Id.* The Supreme Court's

observation that Congress could always enact legislation to disestablish the reservation "contravenes any notion that McGirt announced a new constitutional right—Congress cannot eliminate a constitutional right through ordinary legislation." *Id.* The *Pacheco* court concluded that *McGirt* did not reset the § 2244(d)(1)(C) clock. *Id.*

This Court likewise concludes that *McGirt* did not create a new constitutional right. Therefore, that decision does not restart the one-year limitations period established in § 2244(d)(1), and Mr. Martin's petition is not timely. Although Mr. Martin did not ask for equitable tolling of the statute of limitations, the Court has considered whether equitable tolling should apply. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Mr. Martin could have argued long ago that the State of Minnesota lacked the authority to prosecute him, and no extraordinary circumstance prevented him from doing so. The Court recommends that the petition be dismissed.

### B.    Mr. Martin's Motions

Also pending before the Court is Mr. Martin's Motion for "Amicus Curiae" and to Amend Submission of Proof of Enrollment to the Fond du Lac Reservation (Dkt. No. 8). The Court recommends that this motion be denied as moot based on the recommendation that the petition be dismissed. In addition, with particular respect to the request to amend proof of enrollment, that request is not suitable for a federal habeas proceeding. The Court has accepted for the sake of argument that Mr. Martin is an enrolled member of the Fond du Lac Band of Lake Superior Chippewa.

8

Mr. Martin also filed a Motion to Amend Brief (Dkt. No. 14). The Court has considered Mr. Martin's amended response brief (Dkt. No. 15) as well as his original response brief (Dkt. No. 13), and therefore recommends that this motion be granted.

### C.     Certificate of Appealability

If a § 2254 habeas corpus petitioner receives an adverse ruling from the federal district court, they may appeal that ruling only if they are granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . ."); *see also* Fed. R. App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). Courts cannot grant a petitioner a COA unless that petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would reach a different conclusion about Mr. Martin's petition than the one recommended here. Therefore, the Court recommends that Mr. Martin not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Mr. Martin's Petition for a Writ of Habeas Corpus (Dkt. No. 1) be **DENIED**;

2. Mr. Martin's Motion for "Amicus Curiae" and to Amend Submission of Proof of Enrollment to the Fond du Lac Reservation (Dkt. No. 8) be **DENIED AS MOOT**;

3. Mr. Martin's Motion to Amend Brief (Dkt. No. 14) be **GRANTED**;

4. This matter be **DISMISSED WITH PREJUDICE**;

5. No certificate of appealability be granted; and

6. **JUDGMENT BE ENTERED ACCORDINGLY.**

Date:        September 23, 2022        *s/ John F. Docherty*
                                       JOHN F. DOCHERTY
                                       United State Magistrate Judge

## NOTICE

**Filing Objections:** The Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed find and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).